IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PENDELTON DIVISION

| | |
|---|---|
| MICHELLE MUGUIRA, | Case No. 2:13-cv-01053-SU |
| Plaintiff, | ORDER ON PARTIAL MOTION TO DISMISS |
| v. | |
| OREGON DEPARTMENT OF TRANSPORTATION, | |
| Defendant. | |

SULLIVAN, Magistrate Judge:

Michelle Muguira ("plaintiff") filed a complaint against the Oregon Department of Transportation ("defendant") alleging claims under: (1) the Fair Labor Standards Act, specifically the Equal Pay Act provision, 29 U.S.C. § 206(d) ("EPA claim"); (2) Title VII, 42 U.S.C. § 2000-e; (3) Oregon statutory law, Or. Rev. Stat. § 652.220 and Or. Rev. Stat. § 659A.030; and (4) Oregon common law for wrongful discharge. Plaintiff's claims are based on

Page 1 - ORDER

defendant's alleged discrimination and hostile working conditions. Defendant filed a partial motion to dismiss, pursuant to Fed. R. Civ. P. 12(b)(6), regarding plaintiff's EPA and Oregon law claims. The parties have consented to the jurisdiction of a magistrate judge in accordance with Fed. R. Civ. P. 73 and 28 U.S.C. § 636(c). For the reasons set forth below, defendant's motion is granted, in part, and denied, in part.

## DISCUSSION

On April 4, 2005, plaintiff was hired by defendant to work as a Transportation Maintenance Specialist II at the Basque Camp Station ("Station") near McDermitt, Nevada, where she was the only female employee. *See* Compl. ¶¶ 7−8. During plaintiff's tenure at the Station, she worked at a lower pay scale than her male co-workers, despite having 16 years of experience in the field. Plaintiff was denied promotions and, in fact, when plaintiff applied for a promotion in 2008, a manager told her that he would not consider a woman for the position. *Id.* at ¶¶ 9−11.

Throughout her time at the Station, plaintiff also reported several instances of sexual harassment to defendant's Office of Human Resources. *Id.* at ¶¶ 14−15. Defendant issued a letter about the harassment to Station employees but took no further action. In addition, defendant raised plaintiff's employee housing rent without providing notice, whereas male co-workers in similar living arrangements did not experience such an increase. *Id.* at ¶¶ 16−17. On January 31, 2012, plaintiff resigned from her employment with defendant due to these unfavorable working conditions. *Id.* at ¶ 18.

On June 24, 2013, plaintiff filed a complaint in this Court. On August 16, 2013, defendant moved to dismiss plaintiff's EPA and Oregon law claims, with prejudice, because defendant refused to waive sovereign immunity under the Eleventh Amendment. *See* Def.'s

Mem. in Supp. of Partial Mot. Dismiss 3−4. In her responsive brief, plaintiff conceded that the claims raised under Oregon law were barred by the Eleventh Amendment, but requested that they be dismissed without prejudice so that she could pursue them in Oregon state court. *See* Pl.'s Resp. to Partial Mot. Dismiss 3. Plaintiff argued, however, that her EPA claim, premised on wage discrimination, was not precluded by sovereign immunity. *Id.* at 1−3. In its reply brief, defendant acknowledged that sovereign immunity does not apply to claims brought under the EPA in this District. *See* Def.'s Reply to Partial Mot. Dismiss 3−4.

The Court heard oral argument on November 12, 2013. At that time, plaintiff confirmed that her Oregon law claims should be dismissed and defendant reiterated that plaintiff's claim under the EPA was not barred by sovereign immunity. Accordingly, the substantive effects of defendant's motion are undisputed. Based on a review of the relevant case law, as outlined below, the Court agrees with the parties. Accordingly, defendant's motion is granted as to plaintiff's Oregon law claims and denied in all other respects.

I.      Oregon Law Claims

"The Eleventh Amendment has been authoritatively construed to deprive federal courts of jurisdiction over suits by private parties against unconsenting States." *Seven up Pete Venture v. Schweitzer*, 523 F.3d 948, 956 (9th Cir. 2009) (citing *Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54 (1996)); *see also Coll. Sav. Bank v. Fla. Prepaid Postsecondary Ed. Expense Bd.*, 527 U.S. 666, 669–670 (1999). Here, because defendant has not consented to being sued in this Court, plaintiff's state law claims are barred by sovereign immunity. *See Blair v. Toran*, 1999 WL 1270802, *23 (D.Or. Dec. 2, 1999), *aff'd*, 12 Fed.Appx. 604 (9th Cir. 2001) ("[a]lthough the State of Oregon has consented to be sued in Oregon courts for torts committed by its employees, officers, or agents while acting within the course and scope of their employment under the

OTCA, it has not consented to be sued in federal court for those torts"). Therefore, defendant's motion is granted in this regard and plaintiff's state law claims are dismissed without prejudice. *See Freeman v. Oakland Unified Sch. Dist.*, 179 F.3d 846, 847 (9th Cir. 1999) (where a plaintiff's claims are precluded by the Eleventh Amendment, the court lacks subject-matter jurisdiction but dismissal "should be . . . without prejudice so that a plaintiff may reassert [her] claims in a competent court").

II.     Equal Pay Act Claim

The Ninth Circuit has yet to address the application of Eleventh Amendment sovereign immunity to claims brought under the EPA. However, precedent strongly suggests that sovereign immunity does not apply in this context. Every Circuit that has considered this issue holds that Congress abrogated the states' sovereign immunity under the Fourteenth Amendment in regard to the EPA. *See Cherry v. Univ. of Wis. Sys. Bd. of Regents*, 265 F.3d 541, 548 (7th Cir. 2001); *Siler–Khodr v. Univ. of Tex. Health Sci. Ctr. San Antonio*, 261 F.3d 542, 551 (5th Cir. 2001); *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 820−21 (6th Cir. 2000); *Hundertmark v. Fla. Dep't of Transp.*, 205 F.3d 1272, 1277 (11th Cir. 2000); *O'Sullivan v. Minnesota*, 191 F.3d 965, 967 (8th Cir. 1999). Likewise, district courts from within the Ninth Circuit, including this District, have held that the Eleventh Amendment does not bar EPA claims. *See Kusjanovic v. Or. ex rel. Portland State Univ.*, 243 F. Supp. 2d 1137, 1138 (D.Or. 2002); *Lewis v. Smith*, 255 F.Supp.2d 1054, 1067 (D.Ariz. 2003); *Jappa v. California*, 2009 WL 1396364, *4 (S.D.Cal. May 15, 2009). Thus, defendant's motion is denied as to plaintiff's EPA claim.

## CONCLUSION

For the foregoing reasons, the defendant's partial motion to dismiss (docket # 11) is GRANTED, in part, and DENIED, in part. Specifically, defendant's motion is GRANTED, without prejudice, as to plaintiff's Oregon law claims and DENIED as to her EPA claim.

IT IS SO ORDERED.

DATED this 6th day of December, 2013.

    /s/ Patricia Sullivan
Patricia Sullivan
United States Magistrate Judge